UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

FERNANDO PONCIANO WALLACE,

Plaintiff,

v.

CRAIG W. PARRISH,

Defendant.

Case No. 4:24-cv-00618-DCN

**INITIAL REVIEW ORDER BY SCREENING JUDGE**

The Clerk of Court conditionally filed Plaintiff Fernando Ponciano Wallace's Complaint because of Plaintiff's status as an inmate and in forma pauperis request. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Having reviewed the record, the Court enters the following Order dismissing this case without prejudice.

1.    **Request for Appointment of Counsel**

Plaintiff seeks appointment of counsel. *Compl.*, Dkt. 1, at 3. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*.

Further, an attorney cannot be forced to represent an indigent litigant in a civil case—rather, the attorney can only be "appointed" if he or she voluntarily accepts the appointment. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr.*, Case No. 1:15-cv-00270-EJL (D. Idaho May 4, 2017) ("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono.").

The legal issues in this matter are not complex, and Plaintiff has been able to file documents with the Court and protect his interests to date. In addition, as explained below, the Complaint fails to state a federal claim upon which relief may be granted; therefore, Plaintiff does not have a likelihood of success on the merits of those claims. Accordingly, the Court will deny Plaintiff's request for appointment of counsel.

## 2.  Standards of Law for Screening Complaints

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for

relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### 3.    Factual Allegations

Plaintiff is an inmate in the Bannock County Jail. Plaintiff claims that Defendant—Plaintiff's public defense attorney in Idaho state court criminal proceedings—has not provided Plaintiff with effective assistance of counsel, as guaranteed by the Sixth Amendment to the Constitution. *Compl.*, Dkt 1, at 2.

Plaintiff asserts claims under the federal civil rights statute, 42 U.S.C. § 1983, as

well as claims under Idaho state law. Plaintiff seeks monetary damages.

## 4.    Discussion

### A.    Section 1983 Claims

To state a plausible civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege

a violation of rights protected by the Constitution or created by federal statute proximately

caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d

1418, 1420 (9th Cir. 1991). "[A] public defender does not act under color of state law when

performing a lawyer's traditional functions as counsel to a defendant in a criminal

proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Indeed, a defense attorney

"is not acting on behalf of the State; he is the State's *adversary*." *Id.* at 322 n.13 (emphasis

added).

Accordingly, the Complaint fails to state a plausible claim under 42 U.S.C. § 1983.

### B.    State Law Claims

Plaintiff also asserts unidentified state law claims. *Compl.* at 1. Because the

Complaint fails to state a federal claim upon which relief may be granted, the Court

declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28

U.S.C. § 1367(c).

## 5.    Opportunity to Amend

The Court now considers whether to allow Plaintiff an opportunity to amend the

Complaint. Amendments to pleadings are governed by Rule 15 of the Federal Rules of

Civil Procedure. That rule states that the Court "should freely give leave when justice so

requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has explained the reasoning behind

allowing the opportunity to amend:

> In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. This court has noted on several occasions that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a) ... by freely granting leave to amend when justice so requires. Thus Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.

*Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations, quotation marks, and alterations omitted). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," it is appropriate for a court to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This liberal amendment policy is even more important with respect to pro se plaintiffs, who generally lack legal training. Courts must liberally construe civil rights actions filed by pro se litigants so as not to close the courthouse doors to those truly in need of relief. *Eldridge*, 832 F.2d at 1135, 1137. A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that those deficiencies cannot be overcome by amendment. *Id.* at 1135–36. Although several factors contribute to the analysis of whether a plaintiff should be allowed an opportunity to amend, futility alone can justify denying such an opportunity. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

The Court concludes that amendment in this case would be futile. It is clear from

the face of the Complaint that the only named Defendant is not subject to suit under § 1983, a deficiency that cannot be cured by amendment. Accordingly, the Court will dismiss this without leave to amend.

## ORDER

**IT IS ORDERED** that this case is DISMISSED without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

DATED: May 20, 2025

David C. Nye
Chief U.S. District Court Judge

INITIAL REVIEW ORDER BY SCREENING JUDGE - 6